JOAN WILLIAMS, TRUSTEE (RUTH ARMSTRONG FAMILY
TRUST) *v.* CHARLES BREYER
(7925)

DUPONT, C. J., O'CONNELL and LAVERY, Js.

Argued December 5, 1989—decision released May 1, 1990

*Kerin Margaret Woods,* with whom, on the brief, was
*Thomas W. Boyce, Jr.,* for the appellant (defendant).

*Paul M. Geraghty,* with whom, on the brief, was
*Jacques J. Parentau,* for the appellee (plaintiff).

DUPONT, C. J. The defendant appeals from the trial
court's granting of the plaintiff's motion for summary
judgment. The dispositive issue on appeal is whether
the court applied the proper measure of damages.

The relevant facts are undisputed. The plaintiff owns a parcel of developed commercial real estate adjacent to a parcel of unimproved property owned by the defendant. The plaintiff's property is encumbered by a long-term lease due to expire in the year 2020. On January 21, 1987, the parties entered into a written agreement for the sale to the defendant of "a right-of-way for all purposes of ingress and egress and access" to a particular roadway over the plaintiff's property. The contract did not contain a liquidated damages clause.

At the same time that the contract was executed, the defendant was involved in negotiations with the Marriott Corporation for the sale of his property. The acquisition of the right-of-way over the plaintiff's property was a condition of the proposed sale, and the defendant testified at a deposition that this condition was his sole reason for entering into the agreement with the plaintiff. The contract between the plaintiff and the defendant did not, however, expressly condition the defendant's performance of this contract on the sale of his property to the Marriott Corporation.

The contract price for the easement was $125,000, of which $12,500 was paid by the defendant at the time the contract was signed. The contract provided that the balance of the price would be due "upon the earliest to occur of: (1) Recording of the right of way, (2) The consummation of the sale or lease of [the defendant's] said property to Marriott or its nominee or, (3) The expiration of six months from date of this Agreement."

The defendant did not sell his property to the Marriott Corporation as contemplated and never tendered the balance of the purchase price to the plaintiff. The plaintiff thereafter brought this action against the defendant, alleging that six months had elapsed since

the date of the agreement and that the defendant owed and had failed to pay the balance due under the contract. The complaint sought "[m]oney damages sufficient to compensate [the plaintiff] for her loss" and interest thereon pursuant to General Statutes § 37-3a.

In his answer, the defendant raised the special defense of failure of consideration, and counterclaimed for the return of his deposit, alleging that the contract was unenforceable and that the plaintiff had failed to grant him a right-of-way free and clear of encumbrances. The plaintiff moved for summary judgment. In his opposition to the plaintiff's motion, the defendant abandoned his defenses, conceded that he was in breach of a valid contract and that he was liable to the plaintiff. He argued, however, that a genuine issue of material fact existed as to the amount of damages to which the plaintiff was entitled. The trial court granted the plaintiff's motion for summary judgment and ordered the defendant to pay the plaintiff $112,500 with interest of 10 percent from July 1, 1987, finding that the contract clearly stated the amount of damages.[1]

The defendant argues that the court applied an improper measure of damages that resulted in a windfall to the plaintiff. The court's judgment, he argues, gives the plaintiff the full contract price even though she has not conveyed or been directed to convey the right-of-way. The plaintiff argues that the contract price is the proper measure of damages because the

---

[1] The court failed to rule on the defendant's counterclaim. Because the defendant abandoned all defenses to the contract, however, it is clear that, had judgment been rendered on the counterclaim, it would have been rendered in favor of the plaintiff. *Martin* v. *Martin's News Service, Inc.,* 9 Conn. App. 304, 306 n. 2, 518 A.2d 951 (1986), cert. denied, 202 Conn. 807, 520 A.2d 1287 (1987). We find, therefore, that the defendant's independent claim for the full refund of his deposit has been concluded; see id.; and that he is entitled to a return of only the amount, if any, by which the deposit exceeds a final award of damages.

defendant has already received the full benefit of his bargain and the plaintiff has already fully performed her obligations under the contract.

If the plaintiff had fulfilled her obligations under the contract, then the trial court's award of the full contract price would be correct. After the seller of an interest in land has conveyed that interest to the buyer and all that remains is for the buyer to pay the price, a judgment for money damages in the amount of the contract price is the proper remedy. 2 Restatement (Second), Contracts § 360, comment (e); see *Hydro-Hercules Corporation* v. *Gary Excavating, Inc.,* 166 Conn. 647, 654–55, 353 A.2d 714 (1974) (where the plaintiff performs according to the contract, the unpaid contract price is due). In the case of a bilateral executory agreement, however, an award of the full contract price would unjustly enrich the seller and penalize the buyer.

The first issue to be resolved, then, is whether the contract is executory, or whether the plaintiff has fully performed, making payment of the contract price the only remaining duty. The language of the contract provides an appropriate basis for review of this issue. The contract provides: "The [plaintiff] *grants* to [the defendant] a right-of-way . . . over the [plaintiff's] property." (Emphasis added). While this language appears to contemplate a present conveyance of the right-of-way, both parties agree that the document itself is insufficient to convey an interest in land because it lacks several required formalities. Instead, the plaintiff argues that the agreement gave the defendant the present right to demand, at any time, a recordable document conveying the easement and that it was this right for which the defendant bargained.

Common sense and the contract language refute this argument. Although the unfortunate use of the word "grants" in the contract does not conform to the cus-

tomary language of purchase and sale agreements, it is clear from a reading of the contract as a whole that the parties contemplated an exchange of money for a valid, recordable right-of-way. To construe the contract as the plaintiff suggests would lead to an unfair result. After paying the full contract price pursuant to the judgment of the trial court, the buyer would then be required to demand a deed from the seller. If the seller refused to convey, the buyer would then have to sue the seller under the same contract in a separate action. The contract language also does not support the plaintiff's interpretation. Nothing in the contract indicates that the buyer was bargaining for the right to demand a conveyance in the future. We conclude that the agreement is an executory, bilateral contract.

"The general rule in breach of contract cases is that the award of damages is designed to place the injured party, so far as can be done by money, in the same position as that which he would have been in had the contract been performed." *Beckman* v. *Jalich Homes, Inc.,* 190 Conn. 299, 309, 460 A.2d 488 (1983).[2] This rule is designed to compensate the injured party for the loss of the bargain. The standard measure of damages for breach of a contract for sale is the difference between the contract price and the market value of the property at the time of the breach; *Loda* v. *H. K. Sargeant & Associates, Inc.,* 188 Conn. 69, 82, 448 A.2d 812 (1982); *Makusevich* v. *Gotta,* 107 Conn. 207, 210, 139 A.2d 780 (1927); reduced by the amount of any deposits made by the buyer toward the purchase price. See *Vines* v. *Orchard Hills, Inc.,* 181 Conn. 501, 510, 435 A.2d 1022 (1980).

The plaintiff contends that this measure of damages is not appropriate in the present case. She asserts that

---

[2] We note that the plaintiff also could have sought specific performance of the contract; 2 Restatement (Second), Contracts § 360, comment (e), illustration 12; but chose to forego that option.

the right-of-way does not have any value to anyone other than the defendant, and, therefore, a determination of the market value of that property interest is not reasonably ascertainable. We disagree.

There is no reason not to employ the standard measure of damages in this case. While it may be impossible to prove damages with mathematical certainty, the parties can nevertheless provide sufficient evidence for the trier to make a fair and reasonable estimate. *Spera* v. *Audiotape Corporation,* 1 Conn. App. 629, 633, 474 A.2d 481 (1984). It is for the trial court to select the method of valuation most appropriate to determine the fair market value. *D'Addario* v. *Commissioner of Transportation,* 180 Conn. 355, 365, 429 A.2d 890 (1980). This process necessarily involves the taking of evidence and factual findings by the court.

Because the defendant conceded that he breached the contract, there is no genuine issue of material fact as to liability and the court properly rendered summary judgment on that issue for the plaintiff. Practice Book § 384. We conclude, however, that the court applied the incorrect measure of damages. Because a triable issue remains as to the amount of damages that should be awarded, summary judgment should not have been rendered on that issue. Practice Book § 385.

There is error in part, the granting of summary judgment in favor of the plaintiff on the issue of liability is affirmed, the award of damages is set aside, and this case is remanded for further proceedings consistent with this opinion on the issue of damages only.

In this opinion the other judges concurred.