## Sanitary Services Corporation *v.* Greenfield Village Association, Inc.
### (12421)

Dupont, C. J., and Schaller and Spear, Js.

Argued September 26—decision released December 20, 1994

*Thomas P. Moriarty,* for the appellant (plaintiff).

*Kurt F. Zimmermann,* for the appellee (defendant).

Dupont, C. J. The plaintiff appeals from the judgment rendered in favor of the defendant on the trial court's granting of the defendant's motion for summary judgment. The plaintiff, a refuse collection service, brought an action against the defendant, a condominium association, alleging that the defendant had breached a written contract for refuse collection ser-

vices. The plaintiff's demand for relief included damages, liquidated damages, attorney's fees, costs and interest.

The defendant moved for summary judgment, admitting a breach of the contract, but asserting two alternative theories to refute the plaintiff's claim for damages, as a matter of law. The defendant contended that the liquidated damages provision in the contract was a penalty, and, in the alternative, that if the liquidated damages provision did apply to an award of damages, then the plaintiff would be entitled to zero damages under the express terms of that provision.

The plaintiff, in opposing the defendant's motion for summary judgment, argued that the liquidated damages clause could not be enforced, and that, therefore, the plaintiff should be given an opportunity to prove actual damages, a question of fact.

The trial court concluded that, under the express terms of the liquidated damages clause, the plaintiff was not entitled to any damages. The court granted summary judgment to the defendant and stated in its memorandum of decision: "There are no damages due the plaintiff under the express terms of the contract as drafted by the plaintiff and signed by the defendant. Where the intent of the parties is expressed in language that is clear and unambiguous, the contract must be given effect according to its terms. *Bialowans* v. *Minor*, [209 Conn. 212, 217, 550 A.2d 637 (1988)]." (Internal quotation marks omitted.) The judgment file states that the court "finds the issues for the defendant."

The plaintiff appealed, arguing that the trial court improperly applied and construed the contract's liquidated damages provision, and improperly determined, as a matter of law, that the plaintiff was not entitled

to any damages. We reverse the judgment and remand the case for further proceedings.

The first question to be resolved is whether, in view of the fact that the trial court and the parties agreed that the defendant had breached the contract by notifying the plaintiff prior to the plaintiff's beginning any performance that the defendant was terminating the contract, judgment could be rendered for the defendant, the defaulting party.

" 'Practice Book § 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." ' " *Haesche* v. *Kissner*, 229 Conn. 213, 217, 640 A.2d 89 (1994). In this case, the court should not have found, as it did, the issues for the defendant because the plaintiff had alleged and the defendant had admitted that the defendant had breached the contract. The defendant, therefore, was not entitled to judgment as a matter of law. The court's judgment should have been for the plaintiff, and, in fact, the court acted as though that were the case because it considered what damages, if any, were due to the plaintiff.[1] We, therefore, treat the case as though judgment, albeit a "Pyrrhic victory," had been rendered for the plaintiff. See *Tedesco* v. *Stamford*, 215 Conn. 450, 576 A.2d 1273 (1990), on remand, 24 Conn. App. 377, 588 A.2d 656 (1991), rev'd, 222 Conn. 233, 610 A.2d 574 (1992).

The following are relevant facts. In February, 1991, the plaintiff and the defendant entered into a written contract for refuse collection. The signed document was a two page standard form contract, supplied by the plaintiff, which included the following provision near the bottom of the second page: "LIQUIDATED DAMAGES. In the event the Customer terminates this

---

[1] The plaintiff did not seek summary judgment in its favor.

agreement other than as provided above,[2] Customer shall pay to Contractor as liquidated damages, a sum calculated as follows: (a) if the remaining term under this agreement is six or more months, Customer shall pay the greater of its most recent monthly charge multiplied by six, or its most recent monthly charge multiplied by one half of the number of months remaining in the term. (b) if the remaining term under this agreement is less than six months, Customer shall pay its most recent charge multiplied by the number of months remaining in the term." The contract also included a handwritten sentence that stated: "First three (3) months free."

The trial court did not reach the question of actual damages, a common law contract remedy, because it determined that the contract contained a valid liquidated damages clause. Both actual damages and liquidated damages cannot be awarded. *Hanson Development Co.* v. *East Great Plains Shopping Center, Inc.*, 195 Conn. 60, 64, 485 A.2d 1296 (1985); see also *Vines* v. *Orchard Hills, Inc.*, 181 Conn. 501, 511, 435 A.2d 1022 (1980) (liquidated damages provisions are "private agreements to *supplant* judicially determined remedies for breach of contract" [emphasis added]).

The plaintiff claims to be due actual damages because the liquidated damages clause could not be enforced on the facts of this case. The trial court concluded that the liquidated damages clause could be enforced but that its provisions provided the plaintiff with zero damages.

---

[2] The preceding contract term states in pertinent part: "TERM AND AUTOMATIC RENEWAL. . . .

"Contractor further agrees that if Customer no longer requires any collection and disposal service for its waste materials, through discontinuance of its business or relocation outside the state of Connecticut, Customer may terminate this agreement upon written notice by Certified Mail to the Contractor at least sixty (60) days prior to the intended termination date, but only upon payment of all amounts then due Contractor. . . ."

The defendant claimed, in its argument and briefs in support of its motion for summary judgment, that because the plaintiff's service under the contract was to be free for the first three months of performance, the charge for those months would be zero. Thus, the defendant argues that zero should be the amount of the "most recent monthly charge" for purposes of the computation of liquidated damages, and when multiplied by any number, as provided in the contract, damages must be zero.

"Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity and words do not become ambiguous simply because lawyers or laymen contend for different meanings." (Internal quotation marks omitted.) *Barnard* v. *Barnard*, 214 Conn. 99, 110, 570 A.2d 690 (1990). The unambiguous language of the liquidated damages clause, here, states that the calculation of liquidated damages is based on a "most recent monthly *charge*." (Emphasis added.) The word "charge" has been variously defined as: "An obligation or indebtedness to be paid"; Ballentine's Law Dictionary (3d Ed. 1969); "expenses which have been incurred . . . in connection with a contract"; Black's Law Dictionary (6th Ed. 1990); "[t]o hold financially liable; demand payment from." American Heritage Dictionary (New College Ed. 1981). These definitions all assume that financial liability has been incurred. Here, the contract was repudiated prior to any invoice or bill for services and prior to any financial liability. Thus, there was no "charge" by which liquidated damages could be determined.[3]

---

[3] Even if the contract had been breached during its first three months of free service, the result would be the same. The defendant could incur no financial liability until month four and therefore, the liquidated damages clause would not apply until that time.

When the calculation of a liquidated damages clause is based on revenue, and the contract is breached before there is any revenue, the liquidated damages clause is impossible to apply and does not control the award of damages. *Granato* v. *Benettiere*, 5 Conn. Cir. Ct. 150, 246 A.2d 901 (1968). This case is similar to *Granato* in that the language of this contract conditions the application of the liquidated damages clause on the occurrence of a "charge," yet no "charge" was ever incurred. Under these circumstances, the liquidated damages clause does not control the award of damages.

Having concluded that the plaintiff cannot be awarded liquidated damages, we must next consider whether the plaintiff is entitled to seek actual damages. Under circumstances where liquidated damages clauses are found invalid as penalties, the nonbreaching party is entitled to recover actual damages. See *Camp* v. *Cohn*, 151 Conn. 623, 626, 201 A.2d 187 (1964). Where a contract's liquidated damages clause has not been implemented because a condition to its application has not been satisfied, a court can award damages equal to lost profits. See *Granato* v. *Benettiere*, supra, 5 Conn. Cir. Ct. 150. We hold that where a liquidated damages clause cannot be enforced because the party liable for payment of those damages has breached the contract, and by the breach has made it impossible to calculate those damages, the nonbreaching party may seek actual damages. The principal purpose of the remedies for a breach of contract is to provide compensation for loss. *Vines* v. *Orchard Hills, Inc.*, supra, 181 Conn. 506. The plaintiff, here, should be given the opportunity to prove actual damages.

The amount, if any, of the plaintiff's actual damages is a question of fact. See *Amwax Corp.* v. *Chadwick*, 28 Conn. App. 739, 745, 612 A.2d 127 (1992); *L. F. Pace & Sons, Inc.* v. *Travelers Indemnity Co.*, 9 Conn. App. 30, 41, 514 A.2d 766, cert. denied, 201 Conn. 811, 516

A.2d 886 (1986). The plaintiff, in its opposition to summary judgment, submitted an affidavit from its accountant estimating the plaintiff's loss of profits resulting from the defendant's breach of the contract. The defendant, on the other hand, claims that the plaintiff suffered no actual damages. Thus, the amount of the plaintiff's actual damages is a disputed issue of fact to be determined at a hearing in damages.

The judgment is reversed and the case is remanded with direction to render judgment for the plaintiff and for further proceedings to determine the amount of damages, if any, to which the plaintiff is entitled.

In this opinion the other judges concurred.