[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO LIABILITY (#106)
This memorandum of decision addresses the Motion for Summary Judgment as to Liability submitted by the plaintiff, RLI Insurance Company (RLI) under date of July 6, 2000 (#106). The motion asserts that "there is no genuine issue of any material fact in this case on the issue of liability" and that the defendants have "failed to set forth any defense to liability on the allegations raised in the Plaintiff's complaint." CT Page 13383 Id. The court finds there to be an inadequate basis for rendering judgment as a matter of law against the defendants, even on the issue of liability alone, at this stage of the proceedings.
The underlying matter was commenced through a five-count complaint dated September 23, 1999, and bearing a return date of October 26, 1999. The complaint named one corporation, Roosevelt Building Products Co., Inc. (Roosevelt) as a defendant, along with eight individual defendants: Roosevelt Morn, Lilliana Morin, Brian Morin, Wendie Morin, Kevin Morn, Elizabeth Morin, Lendall Morin and Christine Morin. RLI alleged that in 1997 its business included the issuance of surety bonds, and that RLI had posted a performance and/or payment bond on behalf of Roosevelt in connection with the construction of a Naval Weapons Station facility in South Carolina. RLI further alleged that the defendants had executed indemnity agreements, in the plaintiff's favor, for the surety bond at issue; that Roosevelt had breached its obligations, implicating RLI's responsibility pursuant to the effective surety bond; that Roosevelt had breached its obligations to RLI, as called for under the indemnity agreement; and that the defendants have failed, as well, to pay RLI the sums due to it as the result of these events and their contractual agreements for indemnification. A document entitled Agreement of Indemnity, RLI Insurance Company, was attached to and made a part of the complaint: this agreement appears to have been executed by each of the individual defendants, and by Roosevelt Morn as President of Roosevelt Building Products Co., Inc., on May 31, 1997.
Counsel for the defendants filed his appearance on November 8, 1999. Thereafter, under date of November 16, 1999, the defendants filed an Answer (#103) and Disclosure of Defense (#104). The plaintiff claims that these documents indicate the defendants' failure to dispute either the fact of Roosevelt's deficiencies in honoring its obligations to third parties, as set forth in the complaint, or the existence of their indemnification obligations pursuant to their agreement with RLI. The court file reflects that, upon consideration of the pleadings, a prejudgment remedy was ordered on April 3, 2000 (Booth, J.), allowing the attachment by RLI of up to $45,000 of the defendants' property. Attachments of property have been perfected, in compliance with the court's order.
The law of summary judgment, as applied to indemnification and contract actions such as that presented here, is well established. Generally, Practice Book § 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." It is axiomatic and fundamental that "the party seeking summary judgment has CT Page 13384 the burden of showing the non-existence of any material fact. . . ." HomeIns. Co. v. Aetna Life Casualty, 235 Conn. 185, 202, 663 A.2d 1001
(1995). "A `material fact' is a fact that will make a difference in the result of a case. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578, 573 A.2d 699 (1990). `The test is whether a party would be entitled to a directed verdict on the same facts.' Batick v. Seymour, 186 Conn. 632,647, 443 A.2d 471 (1982). A trial court, in deciding a motion for summary judgment, `must view the evidence in the light most favorable to the nonmoving party.' (Internal quotation marks omitted.) Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781, 595 A.2d 334
(1991); Remington v. Aetna Casualty Surety Co., 35 Conn. App. 581,583, 646 A.2d 266 (1994), on appeal after remand, 240 Conn. 309,692 A.2d 399 (1997). `In seeking summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact.' D.H.R.Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980)."River Dock Pile, Inc. v. Ins. Co., North America, 57 Conn. App. 227,231-32, ___ A.2d ___ (2000). Pertinent to the claims raised by the plaintiff in the case at bar, Practice Book § 17-50 also provides, in pertinent part, that "[a] summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to damages."
In support of its motion, the plaintiff submits that the defendants have effectively admitted the issue of liability in this case, and that RLI should therefore be entitled to a summary judgment in its favor. Under the appropriate circumstances, a defendant's admission of liability can serve as a valid basis for the entry of summary judgment, even where the defendant contests the claimed nature or extent of damages. See Practice Book § 17-50. Such court action is appropriate where a defendant clearly and explicitly admits liability, or where the nature and existence of such liability is established, without question, by the pleadings and documents submitted in support of the summary judgment motion. This protocol properly has been followed in cases involving contracts or commercial actions.[1] For instance, in Sanitary ServicesCorp. v. Greenfield Village Assn., "the plaintiff, a refuse collection service, brought an action against the defendant, a condominium association, alleging that the defendant had breached a written contract for refuse collection services. The plaintiff's demand for relief included damages, liquidated damages, attorney's fees, costs and interest. . . . The defendant moved for summary judgment, admitting abreach of the contract, but asserting two alternative theories to refute the plaintiff's claim for damages, as a matter of law." (Emphasis added.)Sanitary Services Corp. v. Greenfield Village Assn., 36 Conn. App. 395,397, 651 A.2d 269 (1994) (reversed and remanded on the issue of damages). Similarly, where a defendant landowner admits that he is liable to the plaintiff for breach of a contract to purchase a right-of-way, CT Page 13385 summary judgment may properly be granted as to liability, although a genuine issue of material fact existed as to the amount of damages to which the potential purchaser was entitled. Williams v. Breyer,21 Conn. App. 380, 382, 573 A.2d 765 (1990). Summary judgment is also appropriate where the circumstances establish an unquestioned basis for finding liability on a defined indemnification claim. See Alpha CraneService v. Capitol Crane, 6 Conn. App. 60, 77, 79, 504 A.2d 1376, cert. denied, 199 Conn. 808, 508 A.2d 769 (1986).
RLI claims that the case at bar presents such a clear affirmation of liability, on the part of the defendants, that it is entitled to summary judgment as a matter of law. Specifically, the plaintiff asserts: "The Defendants admit that, under the Agreement of Indemnity, they are obligated to indemnify RLI for losses and/or expenses which the surety may sustain related to the bonds for the Project. (Answer, ¶ 10)." Plaintiff's Memorandum of Law in Support of the Motion for Summary Judgment, dated July 6, 2000. However, fundamental to this aspect of its argument, RLI has artfully construed the defendants' pleadings, attempting to present the answer to the complaint in a manner which would best support the pending motion. In so doing, however, the plaintiff disregards this court's obligation to "view the evidence in the light most favorable to the nonmoving party," the duty imposed upon the court considering a motion for summary judgment. (Emphasis added.) River Dock Pile, Inc. v. Ins. Co., North America, supra, 57 Conn. App. 231-32.
Notwithstanding the plaintiff's claim to the contrary, a fair and objective review of the defendants' answer to the complaint (#103) fails to eliminate the existence of any issue of fact relating to their compliance or noncompliance with the entirety of the bond at issue. See River Dock Pile, Inc. v. Ins. Co., North America, supra,57 Conn. App. 231-32. For example, although the plaintiff facilely submits that the defendants' answer to ¶ 10 of the First Count sets forth a broad and express admission of their communal obligation to indemnity RLI for the losses it ostensibly has suffered, the defendants' response is clearly more limited in scope: ¶ 10 of the answer to the First Count indicates only that the defendants "[a]dmit the terms of the agreement," not that they admit any liability attaching to them for breach of the agreement. Answer of Defendants, supra (#103). The defendant's answer to ¶ 9 of the First Count of the complaint (#103) neither admits nor denies the allegations contained therein, but leaves the burden of proof to the plaintiff, who has there alleged that "RLI anticipates a substantial loss with regard to creditors on the Project as well as a substantial loss in the completion of the Project by the bond obligee, Clark." Complaint dated September 23, 1999. Similarly, questions of fact are raised, rather than eliminated, through the defendants' answer to ¶ 11 of the First Count (#103), as therein they deny CT Page 13386 rather than admit, inter alia, the claim that they have failed and refused to indemnify or to pay RLI in accordance with their obligations under the indemnification agreement. The plaintiff further cite to the disclosure of defense (#104), arguing that this pleading provides a tacit admission on the issue of liability, by limiting itself to the subject of issue of damages alone. However, a close review of the wording of this document reveals the defendants' explicitly identification of specific circumstances that may well place at issue the alacrity with which RLI paid claims brought by Carolina Roofing. As such, material issues of fact persist concerning the contractual basis for RLI's access to indemnification by the defendants.
The plaintiff also has submitted three exhibits in support of its motion for summary judgment as to liability. The first document purports to be an affidavit from E. B. Williams, Jr., whom RLI employs as its own Director of Bond Claims. Affidavit of E. B. Williams, Jr., dated June 30, 2000.[2] Through this affidavit, Williams compliments many of the statements presented through the complaint: the contents of ¶¶ 7, 8, 9, 10, 11, 12 13, 14 and 15 of the Williams affidavit mirror ¶¶ 6, 7, 8, 9, 10, 12, 13, 14 and 15 of the First Count of the complaint, utilizing the same conclusory language in an effort to set forth facts. Paragraphs 20 and 21 of the Williams affidavit summarily state Williams's opinion that RLI made a "good faith" investigation of payment claims made on behalf of Carolina Roofing, and that "a thorough investigation into the validity of Carolina Roofing's payment claims, Plaintiff determined payment to Carolina Roofing was justified, necessary and prudent." Id. No substantial details or explanatory statements are set forth in the affidavit to explicate the nature of the investigations to which Williams makes reference. While some aspects of the Williams affidavit are more precise and specific, the document remains inherently self-serving.[3]
In further support of its motion for summary judgment, RLI has provided the court with copies of two unsigned documents, purporting to represent the performance bond and payment bond subcontracts undertaken by the defendants.[4] These exhibits identify Roosevelt as the principal and RLI as the surety, with the general contractor, The Clark Construction Group, Inc. (Clark), identified as the obligee under the instrument. The exhibit further establishes that the Department of the Navy had awarded a contract to Clark, concerning work at a Naval Weapons Station in South Carolina, and that Roosevelt, the principal, would serve as a subcontractor for Clark, "to perform . . . all roofing and roof insulation and related flashing work . . . in connection with the Navy project. Id. Neither the performance nor payment bond documents make reference, in any place, to the enterprise described as "Carolina Roofing" in the Williams affidavit; such reference is similarly absent in the disclosure of defense (#104). Neither document sets forth the CT Page 13387 specific content or provisions of the "written Subcontract with the Obligee, dated 09/11/96" although each document establishes that the roofing, insulation and flashing work is to be performed "in accordance with the terms of this subcontract and exhibit B, which subcontract is hereby referred to and made a part hereof" Performance Bond (subcontract) and Payment Bond (subcontract). The plaintiff has not provided the court with documentation such as photostats of cancelled checks, which might represent the satisfaction of claims brought by persons performing work as subcontractors for any of the involved parties, nor for suppliers of furnished materials who have been paid by RLI rather than by Roosevelt. Compare, e.g., Continental Casualty Company v. American SecurityCorporation, 443 F.2d 649 (D.C. Cir. 1970), cert. denied, MatherConstruction Co. v. Continental Cas. Co., 402 U.S. 907, 91 S.Ct. 1378,28 L.Ed.2d 647, reh. denied, Mather Construction Co. v. Continental Cas.Co., 403 U.S. 912, 91 S.Ct. 2203, 29 L.Ed.2d 690 (1971).
The court recognizes that although given the opportunity to do so, the defendants have neither objected to the plaintiff's motion for summary judgment, nor have they responded to the motion in any way.[5] The defendants have apparently placed the burden of showing the absence of a genuine issue of material fact squarely upon the plaintiff, RLI. SeeRiver Dock Pile, Inc. v. Ins. Co., North America, supra,57 Conn. App. 232. However, the plaintiff, as the moving party, has failed to demonstrate the nonexistence of any material fact relating to the issue of liability in this matter, and has thus failed to meet its burden of proof at this stage of the proceedings. See Home Ins. Co. v.Aetna Life Casualty Co., supra, 235 Conn. 202.
Given the nature of the pending litigation, the court anticipates that a resubmission of the plaintiff's motion for summary judgment, when the file is more mature, may indeed serve to effectuate the desire for judicial efficiency which is inherent in the summary judgment procedure, and which would be frustrated if parties were forced to try the liability aspect of this case where there was no real issue to be tried. SeeFernandez v. Estate of Fred Ayers, 56 Conn. App. 332, 334 742 A.2d 836
(2000); see also Fiaschetti v. Nash Engineering Company, 47 Conn. App. 443,447, 706 A.2d 476 (1998). As the plaintiff sagely has observed, in general, the "type of lawsuit, involving . . . numerous financial items, most of which . . . are susceptible of simple abounding treatment, is ideally suited for determination on summary judgment. . . ." ContinentalCasualty Company v. American Security Corporation, supra, 443 F.2d 651; see Plaintiff's Memorandum of Law, supra. However, as the plaintiff also has reiterated in its brief, such determination should indeed be made "after appropriate interrogatories and other discovery processes have established that there is no genuine dispute as to any material fact."[6]
(Emphasis added.) Continental Casualty Company v. American SecurityCT Page 13388Corporation, supra, 443 F.2d 651; see Plaintiff's Memorandum of Law, supra.
Notwithstanding its citation to the recommendations of ContinentalCasualty Company v. American Security Corporation, the plaintiff in this matter thus far has failed to provide the court with reference to responses to interrogatories, requests for admission, or other discovery processes which might well, in addition to the exhibits and documentation already submitted, resolve the factual issues related to liability. As the case now stands, however, liability remains disputed; the pleadings are reasonably viewed as leaving factual matters to be resolved through the plaintiff's presentation of proof; and the plaintiff's exhibits fail to extinguish all issues related to the material facts here presented. Accordingly, the plaintiff is not now entitled to summary judgment as a matter of law, and its motion must be denied. Home Ins. Co. v. Aetna Life Casualty, supra, 235 Conn. 202; see also Practice Book § 17-46.
WHEREFORE, after hearing and consideration, based on the factors and principles stated above, the plaintiff's Motion for Summary Judgment as to Liability (#106) is hereby DENIED, without prejudice.
BY THE COURT,
N. Rubinow, J.