[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff moves for summary judgment to enter in his favor as to liability and damages, compensatory and exemplary. A review of his memorandum and accompanying documents reveal essentially a presentation of his case in chief.[1] Without addressing the merits of the plaintiff's case, the court must deny the motion under well settled procedural law governing summary judgment.
Summary judgment must be granted if the pleadings, affidavits, and CT Page 1445 other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 17-49; Alvarez v. New Haven Resister,Inc., 249 Conn. 709, 714 (1999); Rivera v. Double A Transportation,Inc., 248 Conn. 21, 24 (1999); Orkney v. Hanover Ins. Co., 248 Conn. 195,201 (1999). A "material" fact is one which will make a difference in the outcome of the case. Morascini v. Commissioner of Public Safety,236 Conn. 781, 808 (1996). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v. Gurney, 168 Conn. 431, 433
(1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Dowlingv. Kielak, 160 Conn. 14, 16 (1970); Dorazio v. M.B. Foster Electric Co.,157 Conn. 226, 228 (1968). "In deciding a motion for summary judgment, the trial court must view the. evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 781 (1991).
The plaintiff brought this action claiming damages for the malicious conduct of the defendant Myer B. Shimelman, M.D. in producing a false evaluation report and for the malicious conduct of Neil Grey, M.D. in making a false complain to the Department of Public Health. He claims damages of $3,000,000.00 for the summary suspension of his license for one year, loss of his clinical practice, inability to obtain liability insurance, inability to obtain employment as a physician, libel pro se defamation and loss of standing professionally and in the community. The summary judgment seeks judgment in both liability and damages. SeeSanitary Services Corp. v. Greenfield Village Assn., 36 Conn. App. 395,400 (1994) (actual damages are a question of fact.) No affidavit accompanied the motion, although subsequent to the filing of the defendant's memorandum in opposition. the plaintiff filed his own affidavit. The affidavit does not comply with the requirements of P.B. § 17-46.[2] See Barrett v. Danbury Hospital, 232 Conn. 242, 251
(1995).
More significantly, because this case centers upon malicious conduct, it is not appropriate for summary judgment. "For purposes of our law of defamation, malice is not restricted to hatred, spite or ill will against a plaintiff, but includes any improper or unjustifiable motive." Bleichv. Ortiz, 196 Conn. 498, 504 (1985). "[S]ummary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." (Internal quotation marks omitted.) Suarez v. DickmontPlastics Corp., 229 Conn. 99, 111 (1994). See also Picataggio v. Romeo, CT Page 144636 Conn. App. 791, 794 (1995) ("[a] question of intent raises an issue of material fact, which cannot be decided on a motion for summary judgment.").
Under the law of summary judgment, the motion must be denied. The issues raised in the plaintiff's motion involve credibility and motive and must be determined by the trier of fact.
DiPentima, J.