■ DeSantis Enterprises, Inc., et al., Respondents-Appellants, v American and Foreign Insurance Company, Appellant-Respondent. [661 NYS2d 92] —Carpinello, J. Cross appeals from an order of the Supreme Court (Dier, J.), entered July 29, 1996 in Warren County, which, *inter alia*, partially granted defendant's motion for summary judgment and declared that defendant was not obligated to defend or indemnify plaintiffs in an underlying action brought by Esko Virta.

Plaintiff DeSantis Enterprises, Inc. owns and operates three restaurants in Warren County. DeSantis' involvement with the instant litigation can be traced to its 1978 decision to offer its employees a "Security Plan" which provided death and disability benefits and, for its managerial employees, retirement benefits as well. Such plans are commonly referred to as "top hat" plans because they exist primarily for the benefit of highly compensated employees.

Two DeSantis employees, Esko Virta and George Beaton, chose to participate in the plan and, like all other participants, had the required employee contributions regularly deducted from their pay. The plan was unfunded, but DeSantis purchased (and continued to own) life insurance policies on the lives of covered employees. The policy benefits were intended to defray DeSantis' expenses under the plan.

Presumably a euphemism for the fact that it was losing money under the plan, DeSantis indicates that "the mathematics of the plan did not work as projected". After being advised by "its financial and legal advisors" that it could terminate the plan without consequences, DeSantis did so in 1985. Despite this termination, DeSantis "voluntarily" continued to pay Virta and Beaton their monthly retirement benefits ($600 and $1,000, respectively) until November 1992 and July 1993, respectively, at which it stopped making these payments as well.

In October 1994, Virta and Beaton filed suit against DeSantis in Federal District Court claiming violations of the Employee Retirement Income Security Act of 1974 (29 USC § 1001 *et seq.* [hereinafter ERISA]) and Labor Law § 198.* Subsequently, plaintiffs filed the instant declaratory judgment action against defendant, its insurer, claiming that, notwithstanding its disclaimer, defendant owes it a defense and indemnification with respect to the Federal action under an employee benefits errors and omissions endorsement to a commercial general liability policy.

Defendant moved, and plaintiffs cross-moved, for summary judgment. Supreme Court partially granted defendant's motion. With respect to Virta's legal claims, the court found that defendant owed no duty to plaintiffs since plaintiffs were notified by letter from Virta's attorneys that he would pursue "all available legal recourse" against them if his monthly payments were not resumed. Since this notice was received before December 31, 1993, the effective date of defendant's "claims-made" policy, no coverage existed with respect to Virta's claims. With respect to Beaton's claims, however, the court noted that although there was a specific ERISA exclusion in defendant's policy, there was no such exclusion for Beaton's Labor Law claim and, therefore, defendant had a duty to defend plaintiffs with respect to that claim in the Federal action. Both plaintiffs and defendant appeal.

Because we find there was no coverage for any claim asserted in the Federal action, defendant's motion for summary judgment should have been granted in its entirety. In the complaint in the instant action, plaintiffs inaccurately quote the relevant policy language as follows: "We will pay those sums that the insured becomes legally obligated to pay as damages * * * and caused by any act, error or omission of yours, or any other person for whose act the insured is legally liable in the administration of your Employee Benefit Programs." In fact, the relevant policy language in the errors and omissions endorsement (which plaintiffs accurately quote in their brief on appeal) is that defendant will pay for claims caused "by any *negligent* act, error or omission" of the insured (emphasis supplied). However innocent plaintiffs' error may have been in drafting the complaint, it nonetheless highlights the point which we find determinative on this appeal, i.e., negligent acts, errors and omissions are covered under the policy, not intentional acts.

---

* Plaintiffs subsequently became aware of the decision in *Black v Bresee's Oneonta Dept. Store, Inc. Sec. Plan* (919 F Supp 597) holding that "top hat" plans cannot be terminated retroactively.

Plaintiff contends that its decision to terminate the plan was "an honest error" based upon the advice of its professionals. The nature of an errors and omissions policy is "to insure a member of a designated calling against liability arising out of the mistakes inherent in the practice of that particular profession or business" (*Schiff Assocs. v Flack*, 51 NY2d 692, 700; *see*, *Grieb v Citizens Cas. Co.*, 33 Wis 2d 552, 148 NW2d 103); these policies do not cover intentional conduct (*see*, *Propis v Fireman's Fund Ins. Co.*, 112 AD2d 734, *affd* 66 NY2d 828; *see also*, *Katz Drug Co. v Commercial Std. Ins. Co.*, 647 SW2d 831). While plaintiffs may have terminated the plan based upon advice which itself was erroneous, the act of termination was an intentional act, not a mere oversight, and, accordingly, defendant's motion for summary judgment should have been granted in its entirety.

Cardona, P. J., Mercure and White, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as partially denied defendant's motion for summary judgment; motion granted, summary judgment awarded to defendant and it is declared that defendant has no duty to defend or indemnify plaintiffs in the underlying Federal action; and, as so modified, affirmed.