RIVER DOCK AND PILE, INC. *v.* INSURANCE
COMPANY OF NORTH AMERICA
(AC 18802)

Foti, Landau and Daly, Js.

Argued January 14—officially released April 4, 2000

*Charles A. Sherwood*, for the appellant (plaintiff).

*Michael P. Kaelin*, with whom, on the brief, was *Marianne Hoffman*, for the appellee (defendant).

*Opinion*

FOTI, J. The plaintiff, River Dock and Pile, Inc., appeals from the summary judgment rendered in favor of the defendant in this action to recover on a bond that was substituted in lieu of a mechanic's lien under General Statutes § 49-37 (a).[1] On appeal, the plaintiff claims that the trial court improperly (1) concluded that the action was barred by the statute of limitations embodied in § 49-37 (a) and (2) found that the defen-

---

[1] The court denied the plaintiff's motion for summary judgment.

dant's conduct did not give rise to estoppel.[2] We affirm the judgment of the trial court.

The plaintiff, pursuant to a contract with Atlas Construction Company (Atlas), engaged as a subcontractor in underpinning and shoring work from December, 1984, to March, 1985. On April 8, 1985, the plaintiff filed a mechanic's lien in connection with the construction of a building at 200 Greenwich Avenue in Greenwich in the amount of approximately $160,000. In August, 1985, the plaintiff accepted a bond in the amount of $192,000 in lieu of its mechanic's lien, with the general contractor, Atlas, as principal, and the defendant, Insurance Company of North America, as surety. The bond required Atlas as principal and the defendant as surety to pay any judgment that the plaintiff recovered against Atlas. In March, 1986, the plaintiff timely commenced an action to recover on the bond but withdrew that action in June, 1994. In May, 1996, a panel of arbitrators awarded $150,000 to the plaintiff in its dispute with Atlas, and in July, 1996, the award was confirmed by the Superior Court. On June 8, 1997, the plaintiff commenced the present action.

The defendant argued before the trial court that the plaintiff violated § 49-37 (a)[3] because twelve years had

[2] The plaintiff's statement of issues contained a third issue: "Did the trial court err in concluding that there was no genuine issue of material fact as to the defendant and plaintiff's motion and cross motion for summary judgment?" The plaintiff failed to brief this issue. We will not consider a claim not briefed. *Jones* v. *Ippoliti*, 52 Conn. App. 199, 201 n.4, 727 A.2d 713 (1999). The plaintiff's sole reference to this issue is in its reply brief and in a brief paragraph in its principal brief, without analysis.

[3] General Statutes § 49-37 (a) provides: "Whenever any mechanic's lien has been placed upon any real estate pursuant to sections 49-33, 49-34 and 49-35, the owner of that real estate, or any person interested in it, may make an application to any judge of the Superior Court that the lien be dissolved upon the substitution of a bond with surety, and the judge shall order reasonable notice to be given to the lienor of the application. If the lienor is not a resident of the state, the judge may order notice to be given by publication, registered or certified letter or personal service. If the judge is satisfied that the applicant in good faith intends to contest the lien, he shall,

elapsed since the certificate of lien was filed, and three years had expired after the first action was voluntarily withdrawn and before the present action was commenced. The plaintiff, in its cross motion for summary judgment, argued that because the bond was given voluntarily and not by order of the court, it was not created pursuant to § 49-37 (a) and therefore the procedural requirement of the statute was inapplicable. The plaintiff argued alternatively that it did commence the action within one year of the recording of the certificate, and that the defendant should be estopped from relying on the one year limitation period of § 49-37 (a) because the defendant did nothing for a substantial period of time between the commencement of arbitration and the final result of arbitration.[4]

The court concluded that as a matter of law for the purposes of § 49-37 (a), a bond that was furnished voluntarily was no different from a bond that results from an application to the court to substitute a bond with surety. The court determined that the plaintiff's moving

if the applicant offers a bond, with sufficient surety, conditioned to pay to the lienor or his assigns such amount as a court of competent jurisdiction may adjudge to have been secured by the lien, with interest and costs, order the lien to be dissolved and such bond substituted for the lien and shall return the application, notice, order and bond to the clerk of the superior court for the judicial district wherein the lien is recorded; and, if the applicant, within ten days from such return, causes a copy of the order, certified by the clerk, to be recorded in the town clerk's office where the lien is recorded, the lien shall be dissolved. Whenever a bond is substituted for any lien after an action for the foreclosure of a lien has been commenced, the plaintiff in the foreclosure may amend his complaint, without costs, so as to make the action one upon the bond with which the plaintiff may join an action to recover upon his claim. Whenever a bond is substituted for any lien before an action for the foreclosure of the lien has been commenced, the plaintiff may join the action upon the bond with an action to recover upon his claim. Whenever a bond has been substituted for any lien, pursuant to this section, unless an action is brought to recover upon the bond within one year from the date of recording the certificate of lien, the bond shall be void."

[4] The parties agree that the defendant, as surety, was not a party to the arbitration proceedings.

papers could not substantiate its claims of estoppel and noted that while "the plaintiff did commence an action within one year . . . [it] later voluntarily withdrew the action . . . [and] waited about three years before commencing this present action." Therefore, because the time lapse between recording the lien in 1985 and the commencement of the present action was twelve years, the court granted the defendant's motion, concluding that the plaintiff's action was precluded by the one year statute of limitation contained in § 49-37 (a).

The standard of review of a court's decision granting a motion for summary judgment is well settled and is not challenged in this case. Practice Book § 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A "material fact" is a fact that will make a difference in the result of a case. *Hammer* v. *Lumberman's Mutual Casualty Co.*, 214 Conn. 573, 578, 573 A.2d 699 (1990). "The test is whether a party would be entitled to a directed verdict on the same facts." *Batick* v. *Seymour*, 186 Conn. 632, 647, 443 A.2d 471 (1982).

A trial court, in deciding a motion for summary judgment, "must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) *Connecticut Bank & Trust Co.* v. *Carriage Lane Associates*, 219 Conn. 772, 781, 595 A.2d 334 (1991); *Remington* v. *Aetna Casualty & Surety Co.*, 35 Conn. App. 581, 583, 646 A.2d 266 (1994), on appeal after remand, 240 Conn. 309, 692 A.2d 399 (1997). "In seeking summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact." *D.H.R. Construction Co.* v. *Donnelly*, 180 Conn. 430, 434, 429 A.2d 908 (1980). Although the moving party must show the nonexistence of any material fact,

an opposing party must substantiate its adverse claims by showing that there is a genuine issue of material fact along with the evidence disclosing the existence of such an issue. *Home Ins. Co.* v. *Aetna Life & Casualty Co.*, 235 Conn. 185, 202, 663 A.2d 1001 (1995).

The bond voluntarily furnished by the defendant must be treated the same as if the bond had been furnished pursuant to a court order in accordance with § 49-37 (a). See *Six Carpenters, Inc.* v. *Beach Carpenters Corp.*, 172 Conn. 1, 6–7, 372 A.2d 123 (1976). "A contrary rule would give the lienor greater rights than those pre-scribed by the statute, and would deny the right of a principal or surety to challenge the validity of the underlying lien as authorized by the statute. . . . It . . . would discourage the substitution of bonds by agreement because of a fear of waiving defenses . . . [and] lead to public mischief by compelling judicial intervention when not needed nor desired." (Citation omitted.) Id., 7. While we recognize the plaintiff's attempt to distinguish this case by pointing out that the basic issue in *Six Carpenters, Inc.*, was whether the trial court had jurisdiction to review the mechanic's lien and thereby the bond, we cannot ignore the clear language therein, which cannot be considered dicta. As a matter of law, the bond at issue is a statutory bond subject to the provisions of § 49-37.[5]

The plaintiff argues that equity should be considered and, both at oral argument and in its brief, cited a number of compelling reasons why justice calls for the defendant to pay what it legally and morally should pay. This is not a matter of equity, however, but simply one of statutory construction and application. We agree

---

[5] The plaintiff claimed during oral argument that as a common-law bond, the one year statute of limitation was inapplicable to an action brought to collect on it as a security. Even if the bond was not statutory, an action might be time barred even by a six year statute of limitation, unless the statute ran from the date that the arbitration award was confirmed by the Superior Court.

that "[e]stoppel is to protect the innocent and is based on fair dealing and principles of morality"; *Novella* v. *Hartford Accident & Indemnity Co.*, 163 Conn. 552, 566, 316 A.2d 394 (1972); and that "modern estoppel . . . is . . . of equal application in courts of law . . . [and] establishes rights . . . [and] determines remedies." (Internal quotation marks omitted.) Id., 564. The party claiming estoppel has the burden of proof, however, and whether that burden has been satisfied in a particular case is a question of fact. *Middlesex Mutual Assurance Co.* v. *Walsh*, 218 Conn. 681, 689, 590 A.2d 957 (1991). "[I]t is well settled that a party who has not engaged in 'misleading conduct' cannot be estopped." *Mellon* v. *Century Cable Management Corp.*, 247 Conn. 790, 795, 725 A.2d 943 (1999). The court concluded that no genuine issue of material fact was presented in regard to the plaintiff's claim of estoppel because "there is nothing in the moving papers filed by the plaintiff that substantiates this claim," and the "plaintiff has not pointed to any fraudulent representations made by the defendant to induce the plaintiff to withdraw the first action after it was pending some eight years." We conclude that summary judgment was properly rendered for the defendant.

The judgment is affirmed.

In this opinion the other judges concurred.