[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter is before the court on a motion for summary judgment brought by the defendant, Ducci Electrical Contractors. This action was brought by the plaintiff by writ dated January 30, 1998, seeking damages in their amended complaint pursuant to the Connecticut products liability act. The defendant, Ducci Electrical Contractors, Inc., entered into a contract with the State of Connecticut to perform electrical services involving the installation of switchgear units at the York Correctional Facility in Niantic. A fire occurred in one of the switchgear units causing damage at the facility. The plaintiff subsequently paid sums to the State of Connecticut in connection with the fire and now seeks to recover such monies from the defendant. The defendant has filed a motion for summary judgment and claims that it is not a "product seller" within the scope of the act and as such, is entitled a judgment as a matter of law.
 I.
"The standard of review of a court's decision granting a motion for summary-judgment is well settled . . . Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A "material fact' is a fact that will make a difference in the result of a case . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted, citations omitted.) River Dock Pike, Inc. v.Ins. Co. of North America, 57 Conn. App. 227, 231 (2000).
"A trial court, in deciding a motion for summary judgment, must view the evidence in the light most favorable to the nonmoving party . . . In seeking summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact . . . Although the moving party must show the nonexistence of any material fact, an opposing party must substantiate its adverse claims by showing that there is a genuine issue of material fact along with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted, citations omitted.) Id. at 232.
 II.
"A product liability claim . . . may be asserted and shall be in lieu of all other claims against product sellers, including actions of CT Page 13657 negligence, strict liability and warranty, for harm caused by a product." General Statutes § 52-572n (a). "A claim may be asserted successfully under said sections notwithstanding the claimant did not buy the product from or enter into any contractual relationship with the product seller." General Statutes § 52-572n (b). "`Product seller' means any person or entity, including a manufacturer, wholesaler, distributor or retailer who is engaged in the business of selling such products whether the sale is for resale or for use or consumption. The term product seller' also includes lessors or bailors of products who are engaged in the business of leasing or bailment of products." General Statutes § 52-572m (a). "`Manufacturer' includes product sellers who design, assemble, fabricate, construct, process, package or otherwise prepare a product or component part of a product prior to its sale to a user or consumer. It includes a product seller or entity not otherwise a manufacturer that holds itself out as a manufacturer." General Statutes § 52-572m (e).
"Once a particular transaction is labeled a `service,' as opposed to a `sale' of a `product,' it is outside the purview of our product liability statute." Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399,403, 528 A.2d 805 (1987). "The characterization of the types of conduct or activity enumerated in General Statutes 52-572m (b) must be broadly construed in light of the purposes of the statute. A principal purpose of the product liability statute is to protect people from harm caused by defective and hazardous products. In order to meet this purpose, it is necessary that the statute be read to reach all conduct which affects the safety of a product prior to its entry into the stream of commerce."Rodia v. Tesco Corp., 11 Conn. App. 391, 396, 527 A.2d 721 (1987).
The court may determine, as a matter of law, whether an entity is a product seller. Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65,72, 579 A.2d 26 (1990). However, the court may deny a motion for summary judgment when the object of a hybrid transaction raises factual issues,New England Variety Distributors, Inc. v. Alarm Security Protection Co.,Inc., Superior Court, judicial district of Hartford at Hartford, Docket No. 545381 (September 25, 1998, Peck, J.) (23 Conn.L.Rptr. 85); see also In re Bridgeport Asbestos Litigation, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. No Docket No. (June 24, 1998, Thim, J.) (22 Conn.L.Rptr. 391).
The ultimate issue on this motion is whether the defendant was a product seller within the meaning of the statute. The contract between the defendant and the State of Connecticut was a hybrid contract for both goods and services. There is a question of fact regarding the extent of the defendant's conduct in placing the switchgear units into the stream of commerce. While Gary Chestone's affidavit indicates that the defendant's role was limited to installation of the units, his deposition CT Page 13658 indicates that the defendant was also responsible for ordering the units and may have been responsible for choosing the vendor. Furthermore, it is clear that the cost of the units was included in the contract price. Therefore, there is an issue of material fact as to whether the object of the contract was for the purchase of goods or services.
Since there is a question of fact as to whether the defendant was a product seller within the meaning of the statute, the defendant's motion for summary judgment is denied.
Matsavage, J.