[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
On February 5, 1991, the defendants, Bongiovanni Group, Inc., and Alan Bongiovanni, borrowed the principal sum of $160,000, plus interest thereon, from Fleet Bank, N.A., pursuant to a Commercial Revolving CT Page 15149 Promissory Note (the note) of the same date. The note came to be held and owned by the plaintiff, D.A.N. Joint Venture, Limited Partnership.[1]
The note required monthly payments of principal and interest and matured on March 31, 1992, at which time the unpaid principal balance, together with the accrued interest was due and payable. In the note, the defendants further agreed to pay all costs of collection and reasonable attorney's fees incurred by the holder of the note in connection therewith. The note is presently in default due to the defendants' failure to pay all amounts due under the note by the maturity date.
On May 23, 2000, the plaintiff commenced this collection action by filing a single count complaint. In response thereto, the defendants filed an answer and special defense of the statute of limitations.
Pending before the court is plaintiff's motion for summary judgment, supported by a memorandum of law and accompanying affidavit and documentation.[2] The defendants have filed memoranda in opposition, original and supplemental affidavits of Alan Bongiovanni, dated August 2, 2000 and August 10, 2000, respectively, and the plaintiff's responses to the defendants' first request for disclosure of facts and production of records, dated July 5, 2000.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "A `material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case." United Oil Co. v. UrbanRedevelopment Commission, 158 Conn. 364, 379, 260 A.2d 596 (1969). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal quotation marks omitted.) Hertz Corp. v. Federal Ins. Co.,245 Conn. 374, 381, 713 A.2d 820 (1998). "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . ." (Citation omitted; internal quotation marks omitted.) Suarez v. Dickmont PlasticsCorp., 229 Conn. 99, 105, 639 A.2d 507 (1994). "Although the moving party must show the nonexistence of any material fact, an opposing party must substantiate its adverse claims by showing that there is a genuine issue of material fact along with the evidence disclosing the existence of such an issue." River Dock Pile, Inc. v. Ins. Co. of North America,57 Conn. App. 227, 231-32, 747 A.2d 1060 (2000).
In support of its motion for summary judgment, the plaintiff claims there is no genuine issue of material fact as to the defendants' CT Page 15150 liability and that the plaintiff is entitled to judgment as a matter of law. The defendants oppose the motion based upon their special defense that the plaintiff's action is barred by the six year statute of limitations provided by General Statutes § 42a-3-118.[3]
Specifically, the defendants argue that the note became due on March 31, 1992, and that, since this action was not brought until May 23, 2000, more than six years after the note became due, the action is time barred.
The plaintiff disputes that its action is time barred, arguing that the statute of limitations has been tolled by virtue of the defendants' "subsequent acknowledgment of their indebtedness and/or by virtue of their subsequent partial payments on the subject Loan after the Note had matured." (Plaintiff's Memorandum, p. 6.) The plaintiff claims that the defendants clearly and unequivocally acknowledged their indebtedness to The Cadle Company, the plaintiff's servicer, in a letter from Bongiovanni Group, Inc., to The Cadle Company, dated April 23, 1996 (the letter), and that the defendants also made various partial payments on the loan after the note had matured. (Plaintiff's Memorandum, Exhibit A.)
The defendants' response is that the letter upon which the plaintiff relies does not constitute a reaffirmation of the debt by either of the defendants because: (1) the letter is from Bongiovanni Group, Inc., and Alan Bongiovanni signed it as "President" of the corporation, thereby not personally reaffirming the debt, and (2) the letter did not constitute a promise by Bongiovanni Group, Inc., to pay the balance of the debt because it was explicitly conditioned upon the corporation obtaining financing. In his supplemental affidavit, Alan Bongiovanni states that he did not personally make any payments within the statute of limitations, that any payments made during said period were made by Bongiovanni Group, Inc., and that any such payments were only intended to show a good faith effort to continue to negotiate a settlement. . . ." (Supplemental Affidavit of Alan Bongiovanni, dated August 10, 2000, ¶¶ 3, 6, 9.)
In Connecticut, "[p]artial payment of a debt which is barred by the statute of limitations removes a case from the statute provided that, under the circumstances, it constitutes an acknowledgment of the indebtedness sued upon as a then existing debt. . . . The Statute of Limitations creates a defense to an action. It does not erase the debt. Hence, the defense can be lost by an unequivocal acknowledgment of the debt, such as a new promise, an unqualified recognition of the debt, or a payment on account. . . . Whether partial payment constitutes unequivocal acknowledgment of the whole debt from which an unconditional promise to pay can be implied thereby tolling the statute of limitations is a question for the trier of fact." (Citations omitted; internal quotation marks omitted.) Zapolsky v. Sacks, 191 Conn. 194, 198, 464 A.2d 30
CT Page 15151 (1983).
The issues before the court are whether the letter and/or payments made constitute an "`unequivocal acknowledgment' of the whole debt from which an unconditional promise to pay can be implied." Zapolsky v. Sacks, supra, 191 Conn. 198. The parties clearly dispute the interpretation to be given to both the representations made in the letter and the payments made. These determinations are questions of fact which the court may not decide on a motion for summary judgment.
Accordingly, the plaintiff's motion for summary judgment is denied.
Peck, J.