[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Fleet National Bank, instituted this mortgage foreclosure action against the defendants on June 23, 1999. The defendants are David Suares, Evans Vochis, Joan M. Haessig, individually and as Executrix of the Last Will and Testament of Ira R. Whaley, Sr., Shawn Heather Whaley, Kipp Robert Whaley and Thomas Spinola. The plaintiff seeks the following remedies: a strict foreclosure on the mortgage of the property; immediate possession of the property; orders of CT Page 3101 immediate ejectment against Suares, Vochis, J. Whaley, individually and as Executrix, S. Whaley and K. Whaley; the appointment of a receiver of rents to manage and secure the property; costs and attorney's fees; damages[1] and such other equitable relief as may be required.
In their respective answers, the defendants allege various special defenses. All six defendants allege that the present action is barred both by the statute of limitations and by the doctrine of laches. In addition, Spinola and Vochis allege that there has been an accord and satisfaction, improper accounting by the plaintiff and that the plaintiff has alleged no remedy or relief as to these particular defendants. Spinola also alleges that he has no interest in the premises sought to be foreclosed.
The plaintiff filed this motion for summary judgment on September 22, 2000, contending that there are no genuine issues of material fact, the special defenses raised by the defendants are insufficient as a matter of law and it is entitled to judgment as a matter of law. In support of its motion, the plaintiff submits the affidavit of Theodore P. Maniatis, its vice president, dated August 15, 2000, along with the following exhibits attached and incorporated therein: the note (Exhibit A), the mortgage (Exhibit B), two modifications of the note and mortgage (Exhibits C and D) and a Job Cost report (Exhibit E) On October 2, 2000. Spinola filed an objection to the motion for partial summary judgment along with a supporting memorandum and affidavit of Thomas Spinola, dated September 29, 2000. Suares, Vochis, J. Whaley, S. Whaley and K. Whaley have not filed objections to the plaintiff's motion for partial summary judgment.[2]
"Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.)Miles v. Foley, 253 Conn. 381, 385-86, 752 A.2d 503 (2000). A material fact is "a fact that will make a difference in the result of a case."River Dock Pile, Inc. v. Ins. Co. of North America, 57 Conn. App. 227,231, 747 A.2d 1060 (2000). "In ruling on a motion for summary judgement, the court's function is not to decide issues of material fact, but rather CT Page 3102 to determine whether such issues exist." Nolan v. Borkowski, 206 Conn. 495,500, 538 A.2d 1031 (1988).
The plaintiff submits an affidavit with attached exhibits to establish that the following facts are undisputed: Suares, Vochis, J. Whaley, S. Whaley and K. Whaley own and hold a parcel of land, with all of its improvements thereon, situated at 15 Belden Avenue, Norwalk, Connecticut.[3] On December 6, 1984, Suares, Vochis, I. Whaley and Spinola executed and delivered a commercial loan note commercial revolving loan agreement (note) with a principal amount of $2,500,000 in favor of Gateway Bank (Gateway). In order to secure the obligations of the note, Suares, Vochis, I. Whaley and Spinola executed a variable rate open end mortgage deed dated December 6, 1994 (mortgage), which granted Gateway a mortgage on the property situated at 15 Belden Avenue, Norwalk, Connecticut. The note and mortgage were amended on March 21, 1989, and December 8, 1989, pursuant to separate mortgage modification agreements. The amendments provide that Suares, Vochis, I. Whaley and Spinola are jointly and severally liable for all costs and expenses incurred by the holder in any proceeding instituted to enforce payment under the note or to foreclose the mortgage, including reasonable attorney's fees.
The plaintiff succeeded to all of Gateway's rights, title and interest in and to the note and mortgage, as amended, and all other documents and instruments executed and delivered in connection therewith.[4] The last payment made under the note and mortgage was on December 11, 1990. From January, 1991, there has been a failure to make payments when due. On February 4, 1999, the plaintiff accelerated and declared immediately due and payable all sums due and owing on the note. The defendants have not paid all sums due and owing, and as of September 15, 2000, the plaintiff calculates that it is owed $1,758,673.84 in principal and $1,077,749.37 in interest, plus pre-acceleration late charges, costs and expenses, including attorney's fees.
The plaintiff further argues that none of the various special defenses alleged by the defendants are sufficient to preclude summary judgment in its favor. First, the plaintiffs argue that the statute of limitations defense must be rejected because the running of a statute of limitations for a debt secured by a mortgage does not prevent foreclosure of the mortgage. The court agrees. See New Milford Savings Bank v. Jajer,244 Conn. 251, 267, 708 A.2d 1378 (1998).
Next, the plaintiff argues that the special defense of improper accounting of the sums due and owing is a defense relevant to the remedy to which the plaintiff is entitled but is immaterial to the present motion for summary judgment as to liability only. The court agrees. SeeSecurity Pacific National Bank v. Robertson, Superior Court, judicial CT Page 3103 district of Stamford-Norwalk at Stamford, Docket No. 124622 (August 28, 1997, Hickey, J.) (special defense disputing amount of money due and owing on note does not go to issue of liability and, therefore, is insufficient to bar summary judgment).
Third, the plaintiff argues that the accord and satisfaction defense is without merit. In order to prove accord and satisfaction, "the defendant[s] must show that at the time of the agreement there was a good faith dispute over the existence of a debt or over the amount owed, and that the debtor and the creditor negotiated a contract of accord to settle the claim." Munroe v. Emhart, 46 Conn. App. 37, 42, 699 A.2d 213, cert. denied 243 Conn. 926, 701 A.2d 658 (1997). The plaintiff has submitted evidence in the form of the affidavit of its vice president, who attests that there was never any agreement between the plaintiff and defendants providing that anything other than full payment under the note and mortgage would satisfy the defendants' obligations thereunder. The defendants have offered no argument and no evidence whatsoever supporting their claim of accord and satisfaction and have thus failed to show a disputed issue of fact with regard to this defense. Therefore, this defense is insufficient to bar summary judgment.
Fourth, the plaintiff argues that the latches defense is without merit because the defendants to demonstrate any prejudice resulting from Fleet's delay in bringing the instant foreclosure action and that any delay actually benefitted the defendants because they were able to use and enjoy the property without making any payments pursuant to the note and mortgage. The defendants allege, however, that the nature of the prejudice is that documents relating to this matter have been lost, misplaced and are no longer available. The plaintiff does not address this precise claim. "Laches consists of an inexcusable delay which prejudices the defendant. . . . A conclusion by the trial court that a party has been guilty of laches is one of fact for the trier." (Citations omitted; internal quotation marks omitted.) Farmers Mechanics SavingsBank v. Sullivan, 216 Conn. 341, 350, 579 A.2d 1054 (1990). Determining whether there has been inexcusable delay and whether such delay would prejudice the defendants is an issue of material fact because it is "a fact that will make a difference in the result of a case." River Dock Pile, Inc. v. Ins. Co. of North America, supra, 57 Conn. App. 231. The court finds that the plaintiff has failed in its initial burden of showing the absence of genuine issues of material fact regarding the defendants' special defense of latches.
In addition, the plaintiff fails to address the fourth and sixth special defenses filed by Spinola and the fifth special defense filed by Vochis. In particular, Spinola attests that he does not own or have any interest in the property that is the subject of this foreclosure action. CT Page 3104 Thus, it is disputed whether the plaintiff is entitled to a judgment of foreclosure against this specific defendant.
For the foregoing reasons, the court finds that the plaintiff has not met its initial burden of showing the absence of genuine issues of material facts as to all of the defendants' special "defenses such that it is entitled to judgment as "s motion for summary judgment is therefore denied.
HICKEY, J.