[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTIONS FOR SUMMARY JUDGMENT #125.50, 141.00
The third-party plaintiff moves for summary judgment against the third-party defendant on the ground that there are no issues of material fact that the allegations of the plaintiff's complaint fall within the errors and omissions policy issued to the third-party plaintiff. CT Page 3430
The third-party defendant cross moves for summary judgment against the third-party plaintiff on the ground that there are no issues of material fact that the allegations of the third-party plaintiff's complaint do not fall within the errors and omissions policy.
The present action was brought as an application for a temporary injunction and order to show cause arising from a noncompete clause in an employment agreement between the plaintiff, Arthur J. Gallagher Company (Gallagher), an Illinois corporation engaged in the business of insurance brokerage and risk management services, and its former employee, the defendant, Linda Bellamy-Baranowskus. Also named as a defendant is Bellamy-Baranowskus' current employer, Smith Brothers Insurance, Inc. (Smith Brothers), a Connecticut corporation engaged in the business of insurance brokerage and risk management. Smith Brothers impleaded as a third-party defendant its insurer, Employers Reinsurance Corporation (ERC), a corporation with a principal place of business in Kansas and which issued an error and omissions insurance policy for insurance agents and brokers to Smith Brothers for the period of April 1, 1998, through April 1, 1999.
The complaint alleges that Bellamy-Baranowskus commenced work for Gallagher in October 1998. Gallagher and Bellamy-Baranowskus executed a written Executive Agreement (agreement), which set forth the obligations of the parties regarding the term of their employment relationship. The agreement included a covenant not to compete by Bellamy-Baranowskus for a two-year period in the event of her termination from Gallagher. On January 22, 1999, Bellamy-Baranowskus terminated her employment with Gallagher and subsequently commenced employment with Smith Brothers. Gallagher alleges that subsequent to January 22, 1999, the defendants directly or indirectly contacted existing clients of Gallagher in breach of Bellamy-Baranowskus' obligations under the noncompete provision of the agreement and that, as a result, Gallagher has suffered damages. Gallagher claims attorney's fees and costs against Bellamy-Baranowskus (count one), tortious interference with contractual relations against Smith Brothers (count two) and a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110b[1], against both defendants (count three)
In its third-party[2] complaint against ERC dated October 23, 2000, Smith Brothers alleges that the errors and omissions policy #PAL34497-C (policy),[3] issued to it by ERC, applies to the claims asserted by Gallagher. Smith Brothers alleges that the policy obligates ERC to defend and indemnify it for the claims asserted by Gallagher. Smith Brothers also alleges that ERC failed to honor its obligation to defend it despite Smith Brothers' demand to do so. Smith Brothers seeks a declaratory judgment that the policy provides coverage to it and its agents for all CT Page 3431 conduct, acts or omissions alleged by Gallagher and a declaratory judgment that the policy obligates ERC to provide a defense to it and its agents, at ERC's cost and expense. In its answer to Smith Brothers' third-party complaint, ERC alleges the following as special defenses: Smith Brothers' claims are subject to all terms, conditions, limits, definitions, exclusions and endorsements of the policy; failure to mitigate; impossibility; the insured failed to comply with the express terms and conditions of the policy; and the claims against the insured are not covered by the express terms and conditions of the policy.
On October 20, 2000, Smith Brothers filed a motion for summary judgment (#125.50) against ERC as to its third-party complaint on the ground that there is no material fact in dispute and it is entitled to judgment as a matter of law because the allegations in the Gallagher complaint can be construed as falling within the policy and, therefore, ERC has a duty to defend Smith Brothers in the underlying action. On January 23, 2001, ERC filed its objection to Smith Brothers' motion for summary judgment and a cross motion for summary judgment (#141.00) on Smith Brothers' third-party complaint on the ground that there is no material fact in dispute and ERC is entitled to judgment as a matter of law because the Gallagher complaint falls outside of the coverage afforded under the policy and, therefore, ERC does not have a duty to defend Smith Brothers in the underlying action.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book [§ 17-46]." (Internal quotation marks omitted.) Community Action forGreater Middlesex County, Inc. v. American Alliance Ins. Co.,254 Conn. 387, 397-98, 757 A.2d 1074 (2000). "A `material fact' is a fact that will make a difference in the result of a case." River Dock Pile, Inc. v. Ins.Co. of North America, 57 Conn. App. 227, 231, 747 A.2d 1060 (2000). "[T]he interpretation of insurance contracts is a matter of law to be decided by the court. . . ." Imperial Casualty Indemnity Co. v. State,246 Conn. 313, 322, 714 A.2d 1230 (1998)
The obligation of the insurer to defend does not depend on whether the CT Page 3432 injured party will successfully maintain a cause of action against the insured but on whether he has, in his complaint, stated facts which bring the injury within the coverage. If the latter situation prevails, the policy requires the insurer to defend, irrespective of the insured's ultimate liability. . . . It necessarily follows that the insurer's duty to defend is measured by the allegations of the complaint. . . . Hence, if the complaint sets forth a cause of action within the coverage of the policy, the insurer must defend." (Internal quotation marks omitted.)Community Action for Greater Middlesex County, Inc. v. American AllianceIns. Co., supra, 254 Conn. 398.
Smith Brothers and ERC concede that there is no issue of material fact. The issue before the court is whether ERC has a duty to provide Smith Brothers with a defense to the Gallagher complaint. Smith Brothers argues that the duty to defend is very broad and the allegations in the Gallagher complaint can be construed as falling within the policy and, therefore, ERC has an obligation to defend Smith Brothers. ERC argues that the Gallagher action falls outside of the coverage afforded by the policy because the allegations in the Gallagher complaint do not allege any negligent act, error or omission on the part of Smith Brothers, which is necessary to trigger coverage under the policy. ERC further argues that the acts complained of do not arise out of the conduct of the business of Smith Brothers in the rendering of services as a general insurance agent or broker.
There is no Connecticut authority interpreting an errors and omissions policy similar to the one at issue in the present action. Other jurisdictions, however, have dealt with such policies. "Errors and omissions policies form the equivalent to malpractice insurance for occupations other than those in the legal and medical fields." (Internal quotation marks omitted.) Crum and Forster Managers Corp. v. ResolutionTrust Corp., 156 Ill.2d 384, 392, 620 N.E.2d 1073 (1993). An errors and omissions policy provides "a specialized and limited type of coverage as compared to comprehensive insurance; it is designed to insure members of a particular professional group from the liability arising out of a special risk such as negligence, omissions, mistakes and errors inherent in the practice off the profession." (Emphasis in original; internal quotation marks omitted.) Id.; see also Albert J. Schiff Associates,Inc. v. Flack, 51 N.Y.2d 692, 700, 417 N.E.2d 84, 435 N.Y.S.2d 972
(1980). "Claims derived from the business aspects of running an insurance agency are generally considered to be professional services and are not generally covered by errors and omissions insurance. Accordingly, claims for unfair competition and usurpation of trade secrets, or breach of an employment contract do not fall within the coverage provided by an insurance agent or broker's professional liability policy." 3 G. Couch, Insurance (3d Ed. 1997) § 131:48, p. 131-58. CT Page 3433
This court follows other courts which have interpreted similar language and have concluded that "negligent acts, errors and omissions are covered under the policy, not intentional acts." De Santis Enterprises, Inc. v.American and Foreign Ins. Co., 241 App.Div.2d 859, 860, 661 N.Y.S.2d 92
(1997). In its interpretation of the phrase "negligent act, errors or omissions," the Supreme Court of Iowa concluded that "`negligent' modifies only the word `act' and does not modify the word `error' or the word `omission.'" Employers Reinsurance Corp. v. Mutual Medical Plans,Inc., 504 N.W.2d 885, 888 (Iowa 1993). "The word `error' means an act or condition of often ignorant or improvident deviation from a code of behavior.'" Id. "The word `omission' means `apathy toward or neglect of duty. . . . neglected or left undone." Id.
The Gallagher complaint alleges an intentional breach of contract by Bellamy-Baranowskus (count one), tortious interference by Smith Brothers in intentionally inducing Bellamy-Baranowskus to breach her agreement with Gallagher (count two) and that the actions of Bellamy-Baranowskus and Smith Brothers are violations of CUTPA (count three). In fact, Smith Brothers "concedes that Gallagher's Complaint could have more specifically alleged negligence." (Smith Brothers' Memorandum, p. 9.) The allegations against Smith Brothers in the Gallagher complaint do not allege any negligent act, error, or omission on the part of Smith Brothers and, therefore, do not fall within the coverage of the policy between Smith Brothers and ERC.[4] This court need not determine whether the acts alleged by Gallagher arose out of conduct in rendering services as a general insurance agent or broker because there is no negligent act, error or omission alleged to bring it within the policy.
For the foregoing reasons, Smith Brothers' motion for summary judgement (#125.50) as to the third-party complaint against ERC is denied. ERC's cross motion for summary judgment (#141.00) against Smith Brothers as to the third party complaint is granted.
Hennessey, J.