[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
The present action arose following the repossession of the plaintiffs motor vehicle by the defendant. The plaintiff alleges that the actions of the defendant violate the Retail Installment Sales Financing Act, General Statutes § 36a-770 et seq. (count one), article 9 of the Uniform Commercial Code, General Statutes § 42a-9-501 et seq. (count two) and the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a
et seq. (count five). The plaintiff further alleges that the actions of the defendant constitute conversion (count three) and larceny (count four). In response to the complaint, the defendant has alleged thirteen special defenses.
Pending before the court is the plaintiff's motion for partial summary judgment as to counts two, three and four of her complaint.[1] The plaintiff contends that the following facts are undisputed. The plaintiff purchased a Jeep Grand Cherokee (Jeep) from Wallingford Motor Company in January, 1998. (Bevans Affidavit, ¶ 2.) Dwight Schweitzer, the plaintiffs then fiance, borrowed funds from the defendant in order to purchase the Jeep and signed a promissory note agreeing to repay the defendant. (Bevans Affidavit, ¶ 3.) Although the Jeep was titled and registered in the plaintiffs name, the plaintiff was not a party to the note. (Bevans Affidavit, ¶¶ 4-5.) On January 29, 1999, the defendant repossessed the Jeep from the plaintiffs place of employment. (Bevans Affidavit, ¶ 8.) The plaintiff contends that she did not receive notice from the defendant before or after the repossession. (Bevans Affidavit, ¶ 8.) The plaintiff further contends that Schweitzer was CT Page 6289 not in default pursuant to the note at the time of the repossession. (Bevans Affidavit, ¶ 9.) There is, however, a dispute regarding the number of post-dated checks given by Schweitzer to the defendant. The plaintiff attests that Schweitzer gave the defendant twelve post-dated checks representing the first twelve months of payments on the note. (Bevans Affidavit, ¶ 6.) The defendant counters that he received and cashed only nine post-dated checks from Schweitzer. (Stuart Affidavit, ¶¶ 10, 12-13.)
 I
"Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Miles v. Foley,253 Conn. 381, 385-86, 752 A.2d 503 (2000). A material fact is "a fact that will make a difference in the result of a case." River Dock Pile, Inc. v. Ins. Co. of North America, 57 Conn. App. 227, 231,747 A.2d 1060 (2000). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 500, 538 A.2d 1031 (1988).
 II Count Two
The plaintiff argues that she is entitled to summary judgment on count two of her complaint because the defendant did not have a valid security interest in the Jeep and, therefore, had no right of repossession. Specifically, the plaintiff asserts that Schweitzer had no rights in the Jeep and, therefore could not grant a security interest to the defendant. Alternatively, the plaintiff contends that even if the defendant had a valid security interest in the Jeep, there was no default on the note. The defendant argues that the plaintiff has not proven that he did not have a security interest in the Jeep and that there is an issue of material fact as to whether there was a default. CT Page 6290
"[A] security interest is not enforceable against the debtor or third parties with respect to the collateral and does not attach unless: (a) . . . the debtor signed a security agreement which contains a description of the collateral . . . (b) value has been given; and (c) the debtor has rights in the collateral. General Statutes § 42a-9-203 (1)." (Internal quotation marks omitted.) Hartford National Bank Trust Co. v. EssexYacht Sales, Inc., 4 Conn. App. 58, 63, 492 A.2d 230 (1985). A debtor is defined as "the person who owes a payment or other performance of the obligation secured, whether or not he owns or has rights in the collateral, and includes the seller of accounts or chattel paper. Where the debtor and the owner of the collateral are not the same person, the term "debtor' means the owner of the collateral in any provision of the article dealing with the collateral, the obligor in any provision dealing with the obligation, and may include both where the context so requires." General Statutes § 42a-9-105 (1)(d).
The court finds that there is a disputed issue of material fact regarding whether the defendant has a security interest in the Jeep which precludes summary judgment as to count two. There is no dispute that Schweitzer signed the security agreement and value was given in consideration thereof There is a dispute regarding whether Schweitzer has rights in the collateral sufficient to grant a security interest to the defendant. "[T]he code recognizes that a debtor who does not own the collateral may nonetheless use the collateral for security, thereby acquiring "rights in the collateral' when authorized to do so by the actual owner of the collateral." General Motors Acceptance Corp. v.Washington Trust Co. of Westerly, 121 R.I. 197, 386 A.2d 1096, 1098
(1978); see also Matter of Whatley, 874 F.2d 997, 1004 (5th Cir. 1989).
The purchase agreement between Wallingford Motor Company and the plaintiff lists the defendant as the lienholder, financing $13,500 of the purchase price of the vehicle. Furthermore, the promissory note signed by Schweitzer obligates him to pay the defendant $14,500 and grants him a security interest in the Jeep. When read together, the purchase agreement and the note raise the inference that the plaintiff authorized Schweitzer to use the Jeep as collateral. The issue of whether Schweitzer has rights in the collateral is an issue of material fact because it is "a fact that will make a difference in the result of the case." River Dock Pile,Inc. v. Ins. Co. of North America, supra, 57 Conn. App. 231. For this compelling reason, the motion for summary judgment as to count two is denied.
 III Counts Three and Four CT Page 6291
The plaintiff next contends that she is entitled to summary judgment on count three of her complaint because the defendant took the Jeep without her authorization, thereby exercising ownership rights. Likewise, the plaintiff argues that she is entitled to summary judgment on count four of her complaint because the defendant intentionally deprived her of her property by repossessing the Jeep. Because there is an issue of material fact regarding whether Schweitzer had rights in the collateral, the defendant has also met his burden of proving the existence of material facts in dispute regarding counts three and four sufficient to defeat the plaintiffs motion for summary judgment as to counts three and four.
 CONCLUSION
For the foregoing reasons, the plaintiffs motion for partial summary judgment as to counts two, three and four of her complaint is denied.
 ___________________ PECK, JUDGE