[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#109)
 FACTS
The plaintiff, First Union National Bank, filed an amended complaint on March 21, 2001, against the defendants, Michael and Cynthia Hollis, seeking to foreclose a mortgage. The complaint alleges the following: Michael and Cynthia Hollis received a loan in the amount of $80,000 from BNC Mortgage Incorporation in exchange for a note secured by a mortgage on premises located at 26 Gilead Road in Waterford. Both Michael and Cynthia Hollis signed the note and mortgage. The plaintiff is the current holder of the note and mortgage by virtue of an assignment from BNC Mortgage Incorporated. The defendants defaulted on their mortgage by reason of nonpayment of instalments. The plaintiff has accelerated the note and declared the principal balance on the note immediately due and payable. The defendants have failed to cure their default.
On January 29, 2001, a default judgment was entered against Michael Hollis for failure to appear. Michael Hollis has yet to file an answer or any special defenses in this action.
On March 16, 2001, Cynthia Hollis[1] filed an answer and a special defense. In her special defense, Hollis alleges that the plaintiff has violated the covenant of good faith and fair dealing because it did not inform Hollis that her husband, Michael Hollis, had failed to make a payment to the plaintiff to bring the mortgage current prior to initiating a foreclosure action. Hollis alleges that she would have taken action to correct the default. At the time the foreclosure proceeding was initiated, Cynthia and Michael Hollis were separated and intended to divorce.
On March 27, 2001, the plaintiff filed a motion for summary judgment on the ground that there exists no material issues of fact regarding the defendants' liability on the mortgage and note. In support of its motion, the plaintiff has submitted the affidavit of Kathy Milchak, assistant secretary for Option One Mortgage Corporation, the plaintiffs loan servicing company. The plaintiff has also submitted a copy of the note and mortgage, a copy of the relevant land records, a copy of the CT Page 11639 assignment of the mortgage and note to the plaintiff, and a copy of numerous letters sent to the defendants which state that the defendants are in default. On April 25, 2001, Hollis filed an objection to the plaintiffs motion for summary judgment. In support of her objection, Hollis filed an affidavit on her own behalf. Oral argument was heard on the motion on April 30, 2001.
 DISCUSSION
"The standard of review of a court's decision granting a motion for summary judgment is well settled. . . . Practice Book § 17-49
provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A `material fact' is a fact that will make a difference in the result of a case. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) River Dock Pike, Inc. v. Ins. Co. of North America, 57 Conn. App. 227, 231,747 A.2d 1060 (2000). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Brackets in original; citation omitted; internal quotation marks omitted.) Rivera v. Double ATransportation, Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Serrano v. Burns,248 Conn. 419, 424, 727 A.2d 1276 (1999).
In order to make out a prima facie case in a foreclosure action, the plaintiff must "prove by a preponderance of the evidence that it [is] the owner of the note and mortgage and that [the defendants have] defaulted on the note." Webster Bank v. Flanagan, 51 Conn. App. 733, 750-51,725 A.2d 975 (1999). Ownership of the note and mortgage is not disputed. The plaintiff has provided the court with a copy of the mortgage and note and its assignment to the plaintiff. (Plaintiffs Exhibits A, B, B-1.) The plaintiff has also submitted the affidavit of Milchak which states that the plaintiff is the current holder of the mortgage and note. (Plaintiffs Exhibit C, ¶ 5).
The plaintiff has also submitted undisputed proof that the defendants are in default on the mortgage. Both the affidavit and the letters submitted by the plaintiff indicate that the mortgage was in default by reason of nonpayment of instalments due for September 1, 2000 and each CT Page 11640 month thereafter, and failed to cure the default. The plaintiff has, therefore, met its burden of proof and made out a prima facie case for foreclosure.
Once the plaintiff has made out its prima facie case for foreclosure, the court will grant summary judgment in its favor unless the defendants have pleaded a legally sufficient special defense. Citicorp Mortgage v.Gibson, Superior Court, judicial district of Waterbury, Docket No. 152248 (January 23, 2001, West, J.); Homeside Lending, Inc. v. Haggerty, Superior Court, judicial district of New London, Docket No. 551725 (May 19, 2000, Martin, J.).
Hollis's special defense alleges that the plaintiff has violated the covenant of good faith and fair dealing by instituting the current foreclosure action. Specifically, Hollis alleges that she was "advised by the [p]laintiff's representative in December 2000 that [p]laintiff would work with her to save her house" after she advised the plaintiff that she and her husband were separated and had filed for a divorce. The special defense further alleges that "her husband had indicated to her and [p]laintiff that he would bring the mortgage current m December," the husband failed to pay the arrearage on the mortgage in December 2000 and the plaintiff proceeded to file a foreclosure action on January 1, 2001, instead of informing Hollis that her husband had failed to make the agreed on payment and allowing Hollis additional time to pay off the arrearage on the mortgage or make other arrangements with the plaintiff to save her home.
The plaintiff argues that the special defense is legally insufficient because it had no duty to inform Hollis that her husband failed to make the agreed on payment. Specifically, the plaintiff argues that it had no duty to tell Hollis that her husband had failed to make the promised payment prior to initiating the foreclosure action because there is no clause in the mortgage or note which requires the plaintiff to disclose the communications it has with one spouse to the other spouse simply because the couple have separate and filed for divorce. The plaintiff additionally argues that it has not violated the covenant of good faith and fair dealing because this covenant only applies to fulfill the reasonable expectations of parties under their contract and because there is no provision in the contract which requires the plaintiff to assume such a duty, the plaintiff cannot be reasonably required to assume this duty.
Hollis argues that the plaintiffs motion for summary judgment should be denied because there is a genuine issue of material fact as to whether the plaintiff breached its duty of good faith and fair dealing by failing to disclose to her that her husband failed to make the promised payment CT Page 11641 prior to initiating a foreclosure action. Hollis argues that had the plaintiffs agent notified her that Michael Hollis had failed to make payment on the mortgage as he agreed, Hollis would have been able to pay the arrearage and bring the mortgage payment current and prevent foreclosure on the premises.
Hollis has cited no statutory or common law authority which places a duty on the plaintiff to inform Hollis that her husband had failed to make a payment to bring the mortgage current prior to the initiation of a foreclosure action. The court is aware of none. Hollis has also cited to no provision in her agreement with the plaintiff, the mortgage, or the note which required the plaintiff to give her notice of her husband's failure to bring the mortgage current as of December 31, 2000, and allow her further time to bring the mortgage current prior to the initiation of the foreclosure action.
The covenant of good faith and fair dealing is "essentially . . . a rule of constriction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended." Magnan v. AnacondaIndustries, Inc., 193 Conn. 558, 567 479 A.2d 781 (1984). "It is axiomatic that the implied duty of good faith and fair dealing is a covenant implied into a contract or a contractual relationship. . . . The covenant of good faith and fair dealing presupposes that the terms and purpose of the contract are agreed upon by the parties and that what is in dispute is a party's discretionary application or interpretation of a contract term. [T]he existence of a contract between the parties is a necessary antecedent to any claim of breach of the duty of good faith and fair dealing." (Citations omitted; internal quotation marks omitted.)Hoskins v. Titan Value Equities Group, 252 Conn. 789, 793, 749 A.2d 1144
(2000).
Assuming that the parties had agreed that the plaintiff would allow the defendants to cure their default and forbear the initiation of a foreclosure action until January 1, 2001, Hollis has failed to plead sufficient facts to support a breach of the covenant of good faith and fair dealing based on the plaintiffs failure to give her notice of her husband's failure to pay the arrearage. There is nothing in the special defense or in Hollis's affidavit which indicates that the plaintiff assumed such a duty or implicitly agreed to provide further notice prior to the initiation of foreclosure proceedings. The only language in Hollis's special defense which is relevant states that the "[p]laintiff would work with her to save her house." The plaintiff fulfilled its promise not to foreclose, as alleged by Hollis, by allowing the defendants until December 31, 2000 to bring the mortgage current. Hollis's assertion that the plaintiff breached the covenant of good faith and fair dealing by failing to give her additional notice prior to initiating the current CT Page 11642 foreclosure action is not supported by the facts pleaded and is therefore, a mere conclusion of law. "A party's conclusory statements, "in the affidavits and elsewhere," may not "constitute evidence sufficient to establish the existence of disputed material facts." Gutpav. New Britain General Hospital, 239 Conn. 574, 583, 687 A.2d 111
(1996). There is, therefore, no genuine issue of material fact created by Hollis's special defense.
Where the plaintiff has made out a prima facie case for foreclosure of a mortgage and the special defense is legally insufficient, the court will grant summary judgment to the plaintiff because there is no material issue of fact as to the defendants' liability under the mortgage and note. See Citicorp, Mortgage v. Gibson, Superior Court, judicial district of Waterbury, Docket No. 152248 (April 27, 2000, West, J.) The plaintiffs motion for summary judgment is therefore granted as to the defendants' liability.
 ___________________ Martin, J.