[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#114)
 FACTS
On August 19, 1998, the plaintiff, Ocwen Federal Bank, FSB, filed a one count complaint against the defendants, John and Elizabeth Weinberg, seeking foreclosure of a mortgage, possession of the mortgaged property, a deficiency judgment, money damages, attorney's fees, interest and cost.[1]
The complaint alleges that the plaintiff is an assignee of a note and mortgage executed by the defendants in favor of the McCue Mortgage Company. It further alleges that the defendants mortgaged property known as 106 Squire Street, New London, to McCue Mortgage Company as security for a loan of $103,000. The plaintiff alleges that it now holds and owns the note and mortgage. On September 15, 1998, the plaintiff filed a motion for judgment of strict foreclosure, alleging that the defendants have defaulted on all payments due on the mortgage from April 1, 1998, CT Page 14090 and every month thereafter. The plaintiff also alleges that it has elected to accelerate the balance due on the note.
On September 23, 1998, the defendants filed an answer and two special defenses. On August 11, 1999, the court, Mihalakos, J., granted the plaintiffs motion to strike the two special defenses.
Subsequent to the granting of the motion to strike, the plaintiff and the defendants entered into a forbearance agreement signed by the defendants on January 20, 2000. The agreement provided that the plaintiff would not pursue its foreclosure action against the defendants if they made monthly payments under the agreement. In their memorandum, the plaintiff alleges that the defendants have failed to make the payments due under this agreement and have remained in default.
On June 5, 2001, the plaintiff filed a motion for summary judgment on the grounds that there are no genuine issues of material fact as to the defendants' liability and that it is entitled to judgment as a matter of law. The defendants have not filed an objection to the plaintiff's motion. The matter was heard at oral argument on June 25, 2001.
 DISCUSSION
"The standard of review of a court's decision granting a motion for summary judgment is well settled. . . . Practice Book § 17-49
provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A `material fact' is a fact that will make a difference in the result of a case . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) River Dock Pike, Inc. v. Ins. Co. of North America, 57 Conn. App. 227, 231,747 A.2d 1060 (2000). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law . . ., and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Rivera v. Double A Transportation, Inc., 248 Conn. 21,24, 727 A.2d 204 (1999). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Serrano v. Burns, 248 Conn. 419, 424, 727 A.2d 1276
(1999).
In order to make out a prima facie case in a foreclosure action, the CT Page 14091 plaintiff must "prove by a preponderance of the evidence that it [is] the owner of the note and mortgage and that [the defendant has] defaulted on the note." Webster Bank v. Flanagan, 51 Conn. App. 733, 750-51,725 A.2d 975 (1999). The plaintiff has provided the court with a copy of the mortgage and note and their assignments to the plaintiff. The court has also provided the court with the affidavit of Pamela Adams, the plaintiff's default servicing liaison, dated April 30, 2001. These documents provide uncontroverted evidence that the plaintiff is the current holder of the mortgage and note.
The plaintiff has also submitted a copy of a letter that it sent to the defendants on February 25, 1998, informing the defendants of their default. This letter combined with the Adam's affidavit provide undisputed evidence that the defendants have defaulted on the mortgage and note by failing to make the payments due on June 30, 1998, and each month thereafter and the affidavit provides sufficient evidence that the defendants have failed to cure their default.
As the evidence submitted by the plaintiff is undisputed, the plaintiff has made out a prima facie case. "Because the plaintiff has made out its prima facie case, the motion for summary judgment will be granted unless at least one of the special defenses is valid." Citicorp Mortgage v.Gibson, Superior Court, judicial district of Waterbury, Docket No. 152248 (January 23, 2001, West, J.); Homeside Lending, Inc. v. Haggerty,
Superior Court, judicial district of New London at New London, Docket No. 551725 (May 19, 2000, Martin, J.).
In this instance, the defendants have chosen not to replead any of their special defenses after the court granted the plaintiff's motion to strike. See Practice Book § 10-44 ("Within fifteen days after the granting of any motion to strike, the party whose pleading has been stricken may file a new pleading. . . ."). As such, no valid special defenses have been pleaded against this action. Therefore, because the there is no genuine issue of material fact as to the defendants' liability and the plaintiff is entitled to judgment as a matter of law, the court grants the plaintiff's motion for summary judgment.
Martin, J.